UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HEATHER MARGRET,**
and **KRISTINE WILLIAMS,**

            Plaintiffs,      Case No.

v.      Hon.

**U.S. FARATHANE, LLC,**

            Defendant.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*

## COMPLAINT

Plaintiffs Heather Margret and Kristine Williams, through their attorneys, Gold Star Law, P.C., for their Complaint state:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Heather Margret ("Margret") is an individual who resides in Port Huron, St. Clair County, Michigan.

2. Plaintiff Kristine Williams ("Williams") is an individual who resides in Port Huron, St. Clair County, Michigan.

3. Defendant U.S. Farathane, LLC ("Farathane"), is a foreign limited liability company which conducts business in Auburn Hills, Oakland County, Michigan.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

5. Defendants reside within this judicial district and the claims asserted in the action arose within this district.  Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## FACTUAL ALLEGATIONS

6. Defendant owns and operates a business which designs and manufactures highly-engineered plastic fabricated products.

7. Defendants employed Margret as a Customer Service Representative from October 25, 1999, through December 3, 2021.

8. Defendant employed Williams as a Customer Service Representative beginning in approximately spring of 1994, and Williams is still employed.

9. Initially, Defendant compensated Plaintiffs on an hourly basis, including applicable overtime premiums.

10. While paid on an hourly basis, Plaintiffs were also paid for 8 hours of work on Saturday and 4 hours of work on Sunday on their assigned weekends.

11. Beginning with the November 26, 2016 pay period, Defendant switched Plaintiffs to a salary form of compensation.

12. Beginning with the November 26, 2016 pay period, Defendant stopped compensating Plaintiffs an overtime premium for the hours they worked in excess of 40 hours per week.

13. Beginning with the November 26, 2016 pay period, Defendants stopped compensating Plaintiffs for working on their assigned weekends.

14. Plaintiffs' job duties and schedules remained the same despite the change in compensation method.

15. Plaintiffs' primary job duties included data entry, customer order entry, shipping, production, and serving as liaisons between Defendant and its customers.

16. The salaries that Plaintiffs received was intended to compensate them for a 40 hour workweek.

17. In addition to their regularly scheduled 40 hour work week, Plaintiffs regularly worked a minimum of 2 additional hours each week.

18. In addition to their regularly scheduled 40 hour work week, Plaintiffs were assigned to work 1-2 weekends per month for an additional 12 hours per week (8 hours on Saturday and 4 hours on Sunday).

19. In addition to their regularly scheduled 40 hour work week, Plaintiffs also worked one weekend shift for an additional 3 hours per week.

20. In addition to their regularly scheduled 40 hour work week, in December of each year of their employment, Plaintiffs worked one additional 8 hour shift on a Saturday.

21. Defendant's conduct violates the FLSA because Defendant was required to compensate Plaintiffs at their regular rate for all hours worked up to 40 hours per week, and at 1 ½ times their regular rate for any hours worked in excess of forty per week. 29 U.S.C. § 203(m).

22. Defendant required or permitted Plaintiffs to work in excess of forty hours per week, but failed to compensate Plaintiffs for all hours worked and at 1 ½ times their regular rates of pay for hours worked in excess of forty per week, despite the fact that Plaintiffs were non-exempt employees under the FLSA.

23. Defendants' conduct violates the FLSA, which requires employers to compensate non-exempt employees for all hours worked and for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. § 207(a).

24. All hours worked by Plaintiffs, including overtime hours, were worked at the direction and with the sufferance of Defendant.

25. Defendant's failure to pay overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

26. Plaintiffs incorporate the foregoing allegations of this Complaint as if fully stated herein.

27. Defendant is an "employer" within the coverage of the FLSA. 29 U.S.C. 203(d).

28. Plaintiffs are "employees" within with coverage of the FLSA. 29 U.S.C. 203(e).

29. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

30. Defendants had revenues in excess of $500,000.00 per year during the time of Plaintiffs' employment with Defendants. 29 U.S.C. 203(s).

31. Defendants violated the FLSA by failing to pay Plaintiffs for all hours worked and overtime for hours worked in excess of 40 per week. 29 U.S.C. § 207(a); 29 U.S.C. § 203(m).

32. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for

5

the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

33.  As a direct and proximate cause of Defendant's violation of the FLSA, Plaintiffs have sustained damages in the form of unpaid wages and overtime compensation.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against Defendant, in an amount that is at least $34,077.77 for Plaintiff Margret, and at least $31,173.86 for Plaintiff Williams, an equal amount as liquidated damages, together with their costs and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

 */s/ Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
Dated: March 3, 2022                *mjohnson@goldstarlaw.com*